# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * *
RONALD PATRICK,                       *
                                      *      No. 17-922V
              Petitioner,             *      Special Master Christian J. Moran
                                      *
v.                                    *      Filed: November 13, 2018
                                      *
SECRETARY OF HEALTH                   *      Attorneys' Fees and Costs
AND HUMAN SERVICES,                   *
                                      *
              Respondent.             *
* * * * * * * * * * * * * * * * * * * *
```

<u>Diana L. Stadelnikas</u>, Maglio Christopher & Toale, PA, Sarasota, FL, for
Petitioner;
<u>Daniel A. Principato</u>, United States Dep't of Justice, Washington, DC, for
Respondent.

## <u>UNPUBLISHED DECISION AWARDING</u><br><u>ATTORNEYS' FEES AND COSTS</u>[1]

---

[1] The undersigned intends to post this Decision on the United States Court of
Federal Claims' website. This means the ruling will be available to anyone with
access to the internet. In accordance with Vaccine Rule 18(b), petitioner has 14
days to identify and move to redact medical or other information, the disclosure of
which would constitute an unwarranted invasion of privacy.  If, upon review, the
undersigned agrees that the identified material fits within this definition, the
undersigned will redact such material from public access. Because this unpublished
ruling contains a reasoned explanation for the action in this case, undersigned is
required to post it on the United States Court of Federal Claims' website in
accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)
(Federal Management and Promotion of Electronic Government Services).

Ronald Patrick brought a successful petition for compensation under the National Childhood Vaccine Compensation Program. He now sees an award for attorneys' fees and costs. He is awarded $27,008.88.

\*     \*     \*

Represented by Ms. Diana Stadelnikas, Mr. Patrick filed his petition for compensation on July 10, 2017. Mr. Patrick alleged that the influenza vaccine that he received on September 1, 2015, which is contained in the Vaccine Injury Table, 42 C.F.R. § 100.3(a), caused him to suffer Guillain-Barré syndrome. The parties were able to informally resolve the case, agreeing to a joint stipulation on award of compensation that was then adopted. Decision, issued July 27, 2018.

On September 17, 2018, petitioner moved unopposed for reimbursement of attorneys' fees and costs, requesting a total of $27,066.38 (representing $25,572.80 in attorneys' fees and $1,493.58 in attorneys' costs). Petitioner's Application for Attorneys' Fees and Costs ("Fees App.") at 1-2. Pursuant to General Order No. 9, petitioner warrants that he has not personally incurred any costs in pursuit of this litigation. Id. at 1.

This matter is now ripe for adjudication.

\*     \*     \*

Because Mr. Patrick received compensation, he is entitled to an award of reasonable attorneys' fees and costs. 42 U.S.C. § 300aa-15(e). Thus, the question at bar is whether Mr. Patrick's requested amount is reasonable.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. This is a two-step process. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008). First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. Id. at 1348.

A.    Reasonable Hourly Rates

Mr. Patrick requests the following rates for his attorney, Ms. Stadelnikas: $359.00 per hour for work performed in 2016, $372.00 per hour for work performed in 2017, and $396.00 per hour for work performed in 2018. Fees App. at 18. Additionally, Petitioner requests compensation for another attorney, Mr. Altom Maglio, at $362.00 per hour for work performed in 2017, and several paralegals at rates ranging from $95-$148 per hour for work performed from 2016-2018. Id.

The rates requested for Maglio firm attorneys are in line with what the undersigned and other special masters have consistently awarded them for their work in the Vaccine Program. See Lavayen v. Sec'y of Health & Human Servs., No. 15-1247V, 2017 WL 4638659 (Fed. Cl. Spec. Mstr. Sept. 20, 2017); Williams v. Sec'y of Health & Human Servs., No. 17-791V, 2018 WL 5520260 (Fed. Cl. Spec. Mstr. Sept. 25, 2018); Dighero v. Sec'y of Health & Human Servs., No. 15-22V, 2018 WL 2224880 (Fed. Cl. Spec. Mstr. Apr. 6, 2018).

The paralegal rates requested have previously been found reasonable and are in line with forum rates for paralegals in each respective year. Accordingly, no adjustment to the requested rates is necessary.

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

To facilitate the process of evaluating the reasonableness of an attorney's activities, in November 2004, the Office of Special Masters issued revised Guidelines for attorneys. The Guidelines state "counsel are advised to maintain detailed contemporaneous records of time and funds expended under the Program." Office of Special Masters, Guidelines for Practice under the National Vaccine Injury Compensation Program (Rev. Nov. 2004) at § XIV. Detailed (or stated another way, non-vague) contemporaneous records are the petitioner's

3

responsibility and allow the Office of Special Masters to determine the reasonableness of attorneys' fees requests. See Avgoustis v. Shinseki, 639 F.3d 1340, 1344-45 (Fed. Cir. 2011) (stating that requiring entries which permit effective review of the fees is in accord with cases from the Federal Circuit and the Supreme Court).

Upon review of the submitted billing statement, the undersigned finds the hours billed (103.3) to be reasonable with two exceptions for what appear to be duplicate entries.  The first duplicate entry occurs on June 8, 2016, when paralegal Amanda Ramos billed two entries for "Prepare Authorization and draft letter requesting records from Stuart Eye Institute and forward same. Update file accordingly[,]" each for 0.3 hours. Fees App. Ex. 19 at 2. The second instance occurs on October 11, 2017, when Ms. Ramos had one entry for "Review Order of Court authorizing issuance of subpoena to Select Specialty Hospital – Palm Beach" for 0.4 hours and one entry for  "Review and analyze Court Order granting Petitioner's Motion to Issue Subpoenas, update case deadlines" for 0.2 hours. Id. at 10. Given that the Court only issued one order in that time frame, on October 5, 2017, the second entry appears to be a duplicate. The Court will therefore deduct the duplicate entries from the award of attorneys' fees, a reduction of $57.50. Accordingly, petitioner is entitled to attorneys' fees in the amount of $25,515.30.

C.     Costs Incurred by Maglio Christopher & Toale

The fees application also asks for reimbursement in the amount of $1,493.58 in for costs incurred by Maglio Christopher & Toale. Fees App. at 1. Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).

The undersigned has reviewed the requested costs and notes they are all for routine expenses commonly incurred in Vaccine Program litigation, such as the cost of medical records, postage, and the filing fee. Fees App. Ex. 21 at 1-2. Petitioner has provided adequate documentation of all these costs, and they shall be reimbursed in full.

Accordingly, Petitioner is awarded $1,493.58 in attorneys' costs.

D.    <u>Conclusion</u>

The Vaccine Act permits an award of reasonable attorney's fees and costs.
42 U.S.C. § 300aa-15(e). Accordingly, I award a total of **$27,008.88** (representing
$25,515.30 in attorneys' fees and $1,493.58 in costs) as a lump sum in the form of
a check jointly payable to petitioner and his counsel, Ms. Diana Stadelnikas, Esq.

In the absence of a timely-filed motion for review (see Appendix B to the
Rules of the Court), the Clerk shall enter judgment in accordance with this
decision.[2]

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment
by filing a joint notice renouncing their right to seek review.